LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LATISHA HEWITT,
*on behalf of herself and*
*FLSA Collective Plaintiffs and the Class*,

        Plaintiffs,

  v.

SAMARITAN DAYTOP VILLAGE, INC,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, LATISHA HEWITT, (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, SAMARITAN DAYTOP VILLAGE, INC., states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that Plaintiff, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time shaving, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, LATISHA HEWITT, is a resident of Kings County, New York.

6. Defendant, SAMARITAN DAYTOP VILLAGE, INC., is a domestic not-for-profit corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 138-02 Queens Boulevard, Briarwood, New York 11435

7. According to publically filed documents, SAMARITAN DAYTOP VILLAGE, INC. operates programs and residential treatment centers for substance abusers in Queens, Manhattan, the Bronx, Brooklyn, Rockland County, Richmond County, and Suffolk County. The Center also provides programs for transitional housing, homelessness, and an array of other services.

Serving more than 7,000 individuals daily, the Center has become one of the largest programs of its kind in the nation.

8. In addition to charitable donations and government grants, SAMARITAN DAYTOP VILLAGE, INC. generates well in excess of $500,000 in gross annual revenue from fees charged to its clients. The clients in return receive a benefit of more than token value. SAMARITAN DAYTOP VILLAGE, INC was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to Defendants' operations.

10. Individual Defendants are each principals and senior executive officers of the Corporate Defendant named herein and are each "employers" (as defined under the FLSA and NYLL) of Plaintiff, FLSA Collective Plaintiffs and the Class.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (drivers, case managers, housing specialists, social workers, client coordinators, maintenance workers, and kitchen staff) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) for all hours worked due to a policy of time-shaving and improper rounding of hours, and (ii) all overtime premium owed under the FLSA, The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiffs bring claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to drivers, case managers, housing specialists, social workers, client coordinators, maintenance workers, and kitchen staff, who were unjustly compensated, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, are referred to herein as the "New York Class Members." The class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are

readily available from Defendants. Notice can be provided by means permissible under F.R.C.P.

17. The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are far more than forty (40) members of the Class.

18. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay for all hours worked due to time shaving and improper rounding of hours, (ii) failing to pay overtime compensation, (iii) failing to provide proper wage statements to Class members as required under the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation

where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity,

which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

e) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

f) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

23. Plaintiff, LATISHA HEWITT, was employed by Defendants at their office located at 79-00 Queens Boulevard, Elmhurst, New York 11373 from March 9, 2015 until May 29, 2018.

24. From March 9, 2015 until around July 2016 Plaintiff worked as a housing specialist. As a housing specialist Plaintiff's primary duties were performing intakes and gathering

information for new clients, browsing listings and contacting brokers for available apartments for clients, attending NYCHA housing viewing appointments, and taking case notes for each client.

25. While working as a housing specialist Plaintiff was scheduled to work Monday through Friday from 10:00 a.m. to 6:00 p.m., however she generally worked more than her regular scheduled. As a housing specialist Plaintiff was paid an hourly rate of $19.00.

26. Plaintiff was promoted to the position of Senior Housing Specialist in or around August 2016 and continued in that position until May 29, 2018. As a Senior Housing Specialist Plaintiff had a number of additional responsibilities. Namely, she was required to participate in daily conference calls with the NYC Department of Homeless Services, prepare projections for apartment vacancies, prepare quarterly reports for projected vacancies, sign off on daily progress notes prepared by other housing specialists, and pick up checks and keys from brokers. Plaintiff neither directed the work of other employees, nor managed her department.

27. As a Senior Housing Specialist, Plaintiff was paid an hourly rate of $23.25. From August 2016 until around September 2016 Plaintiff was scheduled to work Monday through Friday from 9:00 a.m. to 5:00 p.m., and between in or around October 2016 until May 29, 2017 from 8:00 a.m. to 4:00 p.m. However, throughout Plaintiff's employment she would work far more than her regular schedule.

28. Plaintiff was, at all times, paid on an hourly basis, rather than on a salary basis.

29. During Plaintiff's employment by Defendants, she worked over forty (40) hours per week. Similarly, FLSA Collective Plaintiffs and Class members worked over forty (40) hours per week.

30. Starting in or around September 2015 Defendants instituted a policy whereby one hour was deducted from Plaintiff, FLSA Collective Plaintiffs and Class members' pay each day

for lunch breaks. However, Plaintiff was never able to take an uninterrupted meal break lasting longer than twenty (20) minutes. For most days Plaintiff's schedule was so busy she was only able to take at most a fifteen minute lunch break. Furthermore, on most days she was required to eat lunch while working and was constantly interrupted with work related matters. Defendant encouraged Plaintiff, FLSA Collective Plaintiffs and Class Members to work while eating, yet still deducted an hour for lunch.

31. Furthermore, Defendant's meal break policy was company-wide, and applied to all hourly employees. Based on Plaintiff's observations and communications with other employees, FLSA Collective Plaintiffs and Class members were also not able to take uninterrupted meal breaks, yet would have a meal break deducted from their pay.

32. Throughout Plaintiff's employment Defendants would require her to continue working after she clocked out. Plaintiff was told to clock out at the end her scheduled shift, yet was required to continue working after clocking out. Plaintiff would often be called back to her desk after she had clocked out and was leaving the office to meet with a client or to perform some other tasks. She would usually work between thirty minutes to an hour after clocking out. This would occur, on average, three days per week. Plaintiff was not compensated for this "off the clock" work. Based on Plaintiff's observations and communications with other employees, FLSA Collective Plaintiffs and Class members were also required to work after clocking out.

33. Furthermore, Defendant was aware that Plaintiff, FLSA Collective Plaintiffs and Class Members were performing off the clock work, yet failed and refused to compensate them for this time.

34. Defendant had a policy and practice of improperly rounding Plaintiff, FLSA Collective Plaintiffs, and Class members' hours to the nearest half hour in violation of the FLSA

and NYLL. This policy resulted in regular underpayments of around ten to fifteen minutes per day.

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the New York Labor Law.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendant, SAMARITAN DAYTOP VILLAGE, INC, had gross revenues from fees charged to clients in excess of $500,000.

43. At all relevant times, the Defendants had a policy and practice of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to time shaving.

44. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, FLSA Collective Plaintiffs and the Class for all hours worked in excess of forty hours per workweek.

45. At all relevant times, Defendants had a policy and practice of improperly rounding Plaintiff, FLSA Collective Plaintiffs and Class members' hours to the nearest half hour.

46. Defendants failed to properly disclose or apprise Plaintiffs, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs, FLSA Collective Plaintiffs and the Class are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs, FLSA Collective Plaintiffs and the Class suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

49. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, FLSA Collective Plaintiffs and the Class for all hours worked and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

51. Defendants failed to properly disclose or apprise Plaintiffs, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

54. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiffs reallege and reaver Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

57. At all relevant times, the Defendants had a policy and practice of failing to pay Plaintiff and Class members for all hours worked due to time shaving.

58. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. At all relevant times, Defendants had a policy and practice of improperly rounding Plaintiff and Class members' hours to the nearest half hour in violation of the NYLL.

60. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

61. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

62. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    d.      An award of unpaid compensation due under the FLSA and the New York Labor Law;

    f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime wages pursuant to 29 U.S.C. § 216;

    h.      An award of statutory penalties, and prejudgment and postjudgment interest;

    i.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

    j.      Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

    k.      Designation of this action as a class action pursuant to F.R.C.P. 23;

    l.      Designation of Plaintiffs as Representative of the Class; and

    m.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: September 5, 2018

                        Respectfully submitted,

                        LEE LITIGATION GROUP, PLLC
                        C.K. Lee (CL 4086)
                        William Brown (WB 6828)
                        30 East 39th Street, Second Floor
                        New York, NY 10016
                        Tel.: 212-465-1188
                        Fax: 212-465-1181
                        *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*


By:   */s/ C.K. Lee*
       C.K. Lee, Esq. (CL 4086)